**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  14 B 31581 |
| **GLENDALE ENERGY, LLC,** | ) | Honorable Pamela S. Hollis |
| | ) | Motion Date:  May 12, 2015 |
| Reorganized Debtor. | ) | Motion Time:  10:00 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT on May 12, 2015, at the hour of 10:00 a.m., a **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR** shall be heard by the Honorable Pamela S. Hollis of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 644 at 219 South Dearborn, Chicago, Illinois.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

                              GOLAN & CHRISTIE LLP

## AFFIDAVIT OF SERVICE

I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon the persons named in the attached service list via regular mail with postage prepaid from 70 W. Madison, Chicago, IL 60602 on April 17, 2015.

                              /s/*Robert R. Benjamin*
                                Robert R. Benjamin

Margaret A. Christie (ARDC # 3122597)
Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Anthony J. D'Agostino (ARDC # 6299589)
Brianna L. Golan (ARDC # 6299871)
GOLAN & CHRISTIE LLP
Attorneys for Reorganized Debtor
70 West Madison, Suite 1500
Chicago, IL 60602
(312)263-2300

# SERVICE LIST

| | |
|---|---|
| Patrick S. Layng<br>United States Trustee<br>219 S. Dearborn, #873<br>Chicago, IL 60604<br>Via Regular Mail | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St.<br>Chicago, IL 60604<br>Via Regular Mail |
| Associate Area Counsel, SB/SE<br>200 West Adams Street<br>Suite 2300<br>Chicago, IL 60606<br>Via Regular Mail | James D. Newbold<br>Asst. Atty. General Revenue Litigation Bureau<br>Illinois Attorney General<br>100 W. Randolph St., 13th Floor<br>Chicago, IL 60601<br>Via Regular Mail |
| Carole Malinski<br>3405 Heritage Oaks Court<br>Oak Brook, IL 60523<br>Via Regular Mail | Carolan Associates, LLC<br>PO Box 648<br>Bloomfield Hills, MI 48303<br>Via Regular Mail |
| Department of Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220<br>Via Regular Mail | General Fund of the Treasury<br>c/o US Department of Justice<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220<br>Via Regular Mail |
| LFG Energy Company<br>c/o Ross Weisman<br>Weisman and Weisman, P.C.<br>100 N. LaSalle St., Ste. 1910<br>Chicago, IL 60602<br>Via Regular Mail | Sexton Energy, LLC<br>c/o Accounting Department<br>49 Sherwood Terrace, Suite A<br>Lake Bluff, IL 60044<br>Via Regular Mail |
| Traveler's Insurance<br>c/o William Jasmin, Director MCU<br>One Tower Square<br>Hartford, CT 06183<br>Via Regular Mail | Glendale Energy, LLC<br>c/o Arthur Daniels, Managing Member<br>49 Sherwood Terrace, Suite A<br>Lake Bluff, IL 60044<br>Via Regular Mail |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | In Chapter 11 |
| | ) | Case No.  14 B 31581 |
| **GLENDALE ENERGY, LLC,** | ) | Honorable Pamela S. Hollis |
| | ) | Motion Date:  May 12, 2015 |
| **Reorganized Debtor.** | ) | Motion Time: 10:00 a.m. |

**FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTOR**

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Reorganized Debtor, GLENDALE ENERGY, LLC ("Debtor"), applies to this Court for an order approving the payment of final fees in the amount $49,644.75 for services rendered from December 1, 2014 to March 31, 2015 and the costs of preparing this fee petition in the amount of $1,920.00 for a total of $51,564.75 plus expenses in the amount of $1,249.94 and in support thereof states as follows:

**I. JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND**

On August 28, 2014 (the "Petition Date"), Debtor filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On September 18, 2014, this Court entered an order allowing the retention of Margaret A. Christie, Robert R. Benjamin, Beverly A. Berneman, Anthony J. D'Agostino and Brianna L. Golan as counsel for the Debtor.

On September 11, 2014, this Court entered an Order approving the establishment of compensation for professionals which provided that law firms or accountants were permitted to file with the Court interim fee petitions and monthly statements and that upon expiration of ten (10) days after the monthly statements were served upon all parties in interest and where no objections were received, the Debtor would pay 90% of the fees and 100% of the disbursements subject to being reviewed on an interim basis with the Court.

On December 16, 2014, this Court entered an Order granting interim compensation for counsel for Debtor (Docket No. 78).

### III. CASE STATUS

Debtor is a corporation that is in the business of providing power by harvesting gas from a landfill and converting it to energy.

Debtor sought protection under Chapter 11 due to catastrophic damages to its generators occurring within days of each other. As a result the energy generation was stopped and did not recover fully until July 2014. Debtor has now successfully obtained approval by this Court of its Plan and Disclosure Statement (Docket No. 117).

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.    General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

2

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

    B.    <u>Billing Entries.</u> G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

    C.    <u>Hourly Charges.</u> G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for senior partner services; $480.00 per hour for partner time in court; $310.00 to $400.00 per hour for partner time in office; $200.00 to $325.00 per hour for associate time, $150.00 per hour for travel time and $150.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

3

### A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

### B. NARRATIVE SUMMARY
### *SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 41.95 | 17,218.25 |
| CLM | Claims | .50 | 240.00 |
| EXC | Executory Contracts | 1.40 | 672.00 |
| FEE | Fee Petition | 4.00 | 1,920.00 |
| PLAN | Plan and Disclosure Statement | 75.85 | 31,514.50 |
|  |  |  |  |
| **TOTAL** |  | **123.70** | **51,564.75** |

### C. NARRATIVE SUMMARY
### *SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL*
### *[Local Rules 5082-1(B)(1)(b) and (d)]*

From December 1, 2014 to March 31, 2015, the Debtor has incurred $49,644.75[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $1,920.00.

4

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**1.** *ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. Additionally, included in the category of Administration was work performed in support of the Debtor's claim for business interruption insurance. Debtor's counsel negotiated the terms of an agreement to supervise the analysis of its damaged generators by General Electric in order to assure that the Debtor did not contribute to the loss. Since the negotiations with DNV-GL were all post-petition, counsel has included the fees incurred under this category. As a result of counsel's continued efforts, the Debtor recovered a substantial claim under the business interruption insurance, adding to the funds used to pay Debtor's expenses. The parties continue to negotiate over recovery of the generator parts for further inspection. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Margaret A. Christie (MAC) | Partner | 8.10 | 330.00 | 2,673.00 |
| Robert R. Benjamin (RRB) | Partner | 25.80 | 480.00 | 12,384.00 |
| Beverly A. Berneman (BAB) | Partner | 2.80 | 400.00 | 1,120.00 |
| Darrin S. Baim (DSB) | Partner | 1.00 | 310.00 | 310.00 |
| Joy A. Mkrdichian (JAM) | Associate | 1.75 | 275.00 | 481.25 |
| Amanda Parmer (AP) | Paralegal | 2.50 | 100.00 | 250.00 |
| | | 41.95 | | $17,218.25 |

**2.    CLAIMS**

Counsel reviewed discovery request by non-creditor against Debtor's principals. The services benefited the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | .50 | 480.00 | 240.00 |

3.  *EXECUTORY CONTRACTS*

Counsel reviewed issues raised by Debtor's only customer regarding payments and renewal charges. The services had an economic and a non-economic benefit to the estate. The services had an economic benefit because the review assisted in continuing the relationship with Arizona Power Services. The services had a non-economic benefit by promoting the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.40 | 480.00 | 672.00 |

4.  *PLAN*

G&C attorneys prepared a Plan, Disclosure Statement and pro forma that provided for a fair and sound restructuring of the Debtor's business. The Plan provided, in part, for allowed unsecured creditors to be paid in full. The Plan and Disclosure Statement were approved. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in structuring a distribution scheme so that the Debtor could continue to operate and remain current with its ongoing obligations and pay its pre-petition creditors. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Margaret A. Christie (MAC) | Partner | 2.70 | 330.00 | 891.00 |
| Robert R. Benjamin (RRB) | Partner | 23.70 | 480.00 | 11,376.00 |
| Beverly A. Berneman (BAB) | Partner | 46.80 | 400.00 | 18,720.00 |
| Darrin S. Baim (DSB) | Partner | 1.25 | 310.00 | 387.50 |
| Amanda Parmer (AP) | Paralegal | 1.40 | 100.00 | 140.00 |
| | | 75.85 | | $31,514.50 |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Final Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Fee is attached hereto as Exhibit B. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 4.00 | 480.00 | $1,920.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the final fee petition. The summary is as follows:

8

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---:|---:|---:|
| Margaret A. Christie (MAC) | Partner | 10.80 | 330.00 | 3,564.00 |
| Robert R. Benjamin (RRB) | Partner | 55.40 | 480.00 | 26,592.00 |
| Beverly A. Berneman (BAB) | Partner | 49.60 | 400.00 | 19,840.00 |
| Darrin S. Baim (DSB) | Partner | 2.25 | 310.00 | 697.50 |
| Joy A. Mkrdichian (JAM) | Associate | 1.75 | 275.00 | 481.25 |
| Amanda Parmer (AP) | Paralegal | 3.90 | 100.00 | 390.00 |
| **TOTAL** | | **123.70** | | **$51,564.75** |

## F. Narrative Summary
### Statement of Compensation Previously Sought and Allowed and Payments Received by Counsel to Date
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's second and final fee petition. G&C had previously sought interim compensation which was awarded, in part, on December 16, 2014 (Docket No. 78).

Pursuant to this Court's previous order, the retainer was applied against the fees and costs awarded in the First Interim Fee Order. G&C has also received a total of $58,690.19 in payments pursuant to the Court's order establishing monthly compensation for professionals and funds disbursed from the business interruption insurance as provided for in the Plan. G&C is awaiting approval of this application before applying the monthly payments and insurance proceeds to the amounts due. G&C has received no other funds post-petition from the Debtor or any other source.

## G. Narrative Summary
### Total Amount of Expenses For Which Reimbursement is Sought
*[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $1,249.94 consisting of photocopying charges and publishing fees.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

## VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

## VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)    reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over one hundred (100) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VIII. OBJECTIONS

Any objections to this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before May 11, 2015.

### IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A.      Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.      Allowing final compensation as counsel for the Debtor in the amount of $49,644.75 for fees incurred December 1, 2014 to March 31, 2015 plus the costs of preparing this fee petition in the amount of $1,920.00 for a total of $51,564.75;

C.      Allowing reimbursement of out of pocket expenses in the amount of $1,249.94;

  D. Granting G&C leave to apply that portion of $58,690.19 it received in monthly payments and in insurance proceeds against any award entered;

  E. Granting G&C leave to refund or otherwise dispose of the remaining unapplied funds from the monthly payments and insurance proceeds as directed by the Debtor; and

  F. Granting such other and further relief as this Court may deem just and proper.

              GOLAN & CHRISTIE LLP

              By: /s/*Robert R. Benjamin*
                Robert R. Benjamin

Margaret A. Christie (ARDC # 3122597)
Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Anthony J. D'Agostino (ARDC # 6299589)
Brianna L. Golan (ARDC # 6299871)
GOLAN & CHRISTIE LLP
Attorneys for Reorganized Debtor
70 West Madison, Suite 1500
Chicago, IL 60602
(312)263-2300